CP:TK

**M-10-899**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

LEAH DANIELS-BUTLER,

    Defendant.

- - - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**
COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(T. 18, U.S.C., § 1519)

EASTERN DISTRICT OF NEW YORK, SS:

    STEVEN MILLER, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration, "DEA"), duly appointed according to law and acting as such.

    On or about August 3, 2010, within the Eastern District of New York and elsewhere, the defendant LEAH DANIELS-BUTLER, together with others, did knowingly and intentionally alter, destroy, conceal, cover up and falsify a record, document and tangible object, to wit: firearms and the proceeds of cocaine trafficking, with the intent to impede, obstruct and influence and investigation and proper administration of a matter, to wit: the indictment filed in <u>United States v. Henry Butler, also known as "Black,"</u> Criminal Docket No. 10-CR-560 (JG).

    (Title 18, United States Code, Sections 1519, 2, and 3551 <u>et</u> <u>seq</u>.)

2

The source of my information and grounds for my beliefs are as follows:

1. I have been a Special Agent with the DEA for approximately three years and I am currently assigned to the New York Field Division, which investigates narcotics-related offenses. In this position, I have conducted physical surveillance, executed court-authorized search warrants, interviewed witnesses, reviewed extensive documents obtained through the execution of search warrants and the service of subpoenas, and used other investigative techniques to secure relevant information for use in criminal prosecutions.

2. My knowledge of the information set forth in this affidavit is based upon my personal participation in this investigation; my conversations with other law enforcement agents involved in this investigation and similar investigations; my conversations with and review of information provided by law enforcement agents; and my law enforcement experience and training.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support the issuance of an arrest warrant, it does not include all of the facts I have learned during the course of this investigation. Where actions, conversations and statements of others are reported in this affidavit, they are reported in substance and in

part unless otherwise indicated. Additionally, except as explicitly set forth herein, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts as to which I have hearsay or second-hand knowledge.

4. On July 16, 2010, a grand jury sitting in the Eastern District of New York returned an indictment against Henry Butler, charging him with conspiring to distribute more than five kilograms of a substance containing cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II). See United States v. Henry Butler, also known as "Black," Criminal Docket No. 10-CR-560 (JG).

5. The charges contained in that indictment stem from an investigation carried out by the DEA in New York City and Los Angeles of the transportation of significant quantities of cocaine, from the Los Angeles, California area, to the state of New York and elsewhere. Based on evidence, including recorded conversations, toll records, physical surveillance, and the seizures of packages containing kilogram quantities of cocaine, DEA agents have determined that Henry Butler has been shipping wholesale amounts of cocaine from the Los Angeles area to individuals in New York, using overnight delivery services.

6. The defendant **LEAH DANIELS-BUTLER** is married to Henry Butler. Through surveillance and other evidence, investigators have determined that they reside together at 823

4

Alderdale Court, Thousand Oaks, California (the "BUTLER RESIDENCE").

7.  During the late morning of August 3, 2010, DEA agents from New York and California arrested Henry Butler in California, shortly after he drove away from the BUTLER RESIDENCE, pursuant to the arrest warrant that was issued following the above-mentioned indictment.

8.  Following Henry Butler's arrest, both DEA agents and an Assistant United States Attorney from the United States Attorney's Office for the Eastern District of New York communicated with Henry Butler and his defense attorney concerning his arrest and the possibility of a search of the BUTLER RESIDENCE. Butler and his attorney communicated to the agents and prosecutor that Butler was reluctant to consent to the DEA agents searching the BUTLER RESIDENCE. Conversations between the government and the defense attorney concerning the search of the BUTLER RESIDENCE took place in and about and between approximately 3:00 p.m. and 6:00 p.m. California time on August 3, 2010.

9.  I learned of the following from deputy sheriffs of the Ventura County Sheriff's Department with direct knowledge of the events. At approximately 6:00 p.m. California time on August 3, 2010, deputy sheriffs from the Ventura County Sherif's Department were conducting surveillance of the BUTLER RESIDENCE.

5

They observed the defendant **LEAH DANIELS-BUTLER** exit the BUTLER RESIDENCE carrying one or more bags. She then entered a Mercedes-Benz and drove away from the BUTLER RESIDENCE. Shortly thereafter, sheriffs stopped the defendant **LEAH DANIELS-BUTLER**'s Mercedes-Benz for a traffic infraction. Initially, **LEAH DANIELS-BUTLER** denied having any contraband in the car. Shortly thereafter, however, **LEAH DANIELS-BUTLER** acknowledged she in fact had a "pistol" in the car and consented to a vehicle search. Upon searching **DANIELS-BUTLER**'s vehicle, the sheriffs discovered a bag containing, among other things, (a) a loaded 9 mm Baretta handgun with an additional loaded magazine; (b) an unloaded, Intratec Tec-9 handgun, next to two extended magazines for the Tec-9, one of which was loaded; and (c) boxes of 9mm and 45 caliber ammunition. In addition, the sheriffs discovered approximately $39,500 in U.S. currency, among other items.

10. Based on my training, experience and knowledge of the investigation, I submit there is probable cause to believe that the items recovered from the **LEAH DANIELS-BUTLER**'s vehicle were evidence of Henry Butler's drug trafficking, and that **LEAH DANIELS-BUTLER** had removed these items from the BUTLER RESIDENCE and was attempting to drive away with them in order to prevent law enforcement from locating and seizing said items during a search of the BUTLER RESIDENCE for use in the case of <u>United States v. Butler</u>. With respect to the firearms, it is well

recognized that firearms are one of the tools of the trade of drug dealers. Moreover, in my experience, possession of a large sum of currency in cash - here approximately $39,500 - is indicative of drug trafficking proceeds.

WHEREFORE, I respectfully request that the defendant LEAH DANIELS-BUTLER be dealt with according to law. Furthermore, because of the nature of this application, I respectfully request that this affidavit be filed under seal.

                                         _____
                                         STEVEN MILLER
                                         Special Agent
                                         Drug Enforcement Administration

Sworn to before me this
5th day of August, 2010

                         ⁞E